USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
RASHAAD CONYERS,                                       :

                                          Petitioner,     :           22-CV-6465 (VEC)
                                                            :           15-CR-537 (VEC)
            -against-                           :
                                                                :           OPINION & ORDER
UNITED STATES OF AMERICA,             :

                                      Respondent.   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Rashaad Conyers ("Petitioner"), a member of the "Young Gunnaz" ("YGz") gang, pled guilty to one count of violating 18 U.S.C. § 1962 ("RICO conspiracy") and was sentenced on October 20, 2017 to 180 months' imprisonment and three years of supervised release. *See* Pet. Mot. at 1, Dkt. 1726; Judgment, Dkt. 1194. Mr. Conyers appealed and, on August 28, 2019, the Second Circuit dismissed the appeal and affirmed his conviction. *See* Mandate, Dkt. 1396; *see also* Dkt. 79, No. 17-3628. Petitioner now moves to vacate his sentence on the grounds of ineffective assistance of counsel. *See* Pet. Mot. at 3. The Government opposes the petition. *See* Gov. Opp., Dkt. 1751. For the reasons discussed below, Mr. Conyers' § 2255 petition is DENIED.

## BACKGROUND

On January 11, 2017, Mr. Conyers was charged with participating in a racketeering conspiracy involving the YGz in violation of 18 U.S.C. § 1962(d); assault and attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5) and 2; and discharging firearms in connection with the YGz racketeering conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. *See* Superseding Indictment S16, Dkt. 754.

1

On February 16, 2017, Mr. Conyers pled guilty to Count One (the RICO conspiracy) pursuant to a plea agreement with the Government. *See* Order, Dkt. 732; Plea Tr., Dkt. 767. When he signed the plea agreement, Mr. Conyers stipulated that the correct sentencing guidelines range was 168 to 210 months' imprisonment. *See* Pre-Sentencing Report ("PSR") ¶ 22, Dkt. 949.

At the plea hearing, Mr. Conyers confirmed that he had discussed the case and the consequences of pleading guilty with his attorney, Bradley Henry, and that he was satisfied with Mr. Henry's representation. Plea Tr. 5:1–7. Mr. Conyers stated that he had been treated briefly by a psychiatrist when he was a child for bipolar disorder, schizophrenia, and ADHD. *Id.* 3:10–4:3. Since that time, however, Mr. Conyers had not been under the care of a doctor because he no longer suffered from those symptoms. *Id.* 4:4–9. Mr. Conyers stated that he was pleading guilty of his own free will, *id.* 21:8–10, and that he understood that his guilty plea exposed him to a maximum 20-year sentence, *id.* 9:22–10:4.

Mr. Conyers admitted that: he committed crimes with the YGz gang; members of the YGz gang "commit crimes, like selling drugs . . . murder, [and] robbery," *id.* 15:22–16:19; he "shot somebody in a store" in August 2007; and in May 2015, he and others shot at rival gang members with the intent to kill, *id.* 15:18–21, 19:3–20:8.

Mr. Conyers was sentenced on October 20, 2017. *See* Sentencing Tr., Dkt. 1203. Mr. Conyers confirmed before he was sentenced that he had read the PSR, discussed it with his lawyer, and had no objections to its contents. *See id.* 2:11–18. After considering the parties' sentencing submissions, including a mitigation report prepared by a mitigation specialist, the Court sentenced Mr. Conyers to 180 months' imprisonment, a sentence that was within the stipulated guidelines range. *See id.* 34:19–21.

Mr. Conyers, represented by Mr. Henry, appealed. *See* Notice of Appeal, Dkt. 1214. Mr. Henry filed an *Anders* brief and sought to be relieved as counsel. *See Anders v. California*, 386 U.S. 738 (1967). On August 28, 2019, the Second Circuit granted the Government's motion to dismiss the appeal of Mr. Conyers's sentence and granted the Government's motion for summary affirmance with respect to the appeal of his conviction, special conditions of supervised release, and special assessment. *See* Mandate, Dkt. 1396; Dkt. 79, No. 17-3628. The Second Circuit also granted Mr. Henry's motion to withdraw as counsel. *Id.*

In a letter dated June 10, 2021, Mr. Conyers sought appointment of new counsel based on a "list of things" that he claimed Mr. Henry failed to do, including that Mr. Henry "did not let it be known that someone confess[ed]" to the shooting to which Mr. Conyers pled guilty. *See* Letter, Dkt. 1661. The Court denied the request without prejudice to renew it in connection with a petition pursuant to 28 U.S.C. § 2255. *See* Endorsement, Dkt. 1662.

More than a year later, Mr. Conyers filed this § 2255 petition. *See* Pet. Mot., Dkt. 1726. Mr. Conyers alleges that Mr. Henry provided ineffective assistance of counsel for a variety of reasons.[1]

For the reasons discussed below, the § 2255 petition is denied as untimely.

## DISCUSSION

The Court notes at the outset that Mr. Conyers is proceeding *pro se* and that "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

---

[1] According to Mr. Conyers, his attorney failed to inform the Court that someone else had confessed to the shooting and that there was no DNA evidence connecting him to the shooting. Mr. Conyers further argues that Mr. Henry was ineffective because he failed to "move the Court for a psychological evaluation," failed to object to the sentence imposed by the Court, and failed properly to appeal Mr. Conyers's sentence. Pet. Mot. at 9.

3

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A Section 2255 petition must be filed within one year of one of four benchmark dates; the relevant benchmark here is the date "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final under § 2255 when the time for filing a petition for a writ of *certiorari* expires. *Fermin v. United States*, 859 F. Supp. 2d 590, 593 n.4 (S.D.N.Y. 2012) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). The statute of limitations period for habeas petitions may be equitably tolled under the "rare and exceptional circumstance" that a petitioner can show that (1) "extraordinary circumstances prevented him from filing his petition on time," *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), and (2) he "acted with reasonable diligence throughout the period he seeks to toll[,]" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner bears the burden of establishing both requirements. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (noting that the Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling") (citation omitted).

Mr. Conyers appealed his conviction to the Second Circuit. *See* Dkt. 1214. On July 23, 2019, the Second Circuit dismissed his appeal and affirmed his sentence and conviction. The mandate issued on August 28, 2019. *See* Dkt. 1396. Finality, therefore, occurred no later than November 26, 2019 (90 days after the mandate issued). *See* Sup. Ct. R. 13.1. The deadline for

4

Mr. Conyers to file a § 2255 petition was one year later, or November 26, 2020. *See Fermin*, 859 F. Supp. 2d at 597; *Shaw v. United States*, 2022 WL 2916324, *3 (S.D.N.Y. July 25, 2022). Mr. Conyers appears to have signed his habeas petition on July 20, 2022, more than one-and-a-half years after the deadline. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (holding that a pro se prisoner's § 2255 petition is deemed filed when delivered into the prison mail system).

Although Mr. Conyers neither acknowledges the tardiness of his petition nor advances any ground to toll the statute of limitations, because he is proceeding without counsel, the Court construes his petition liberally. Even if the Court were to construe Mr. Conyers's petition as an "amendment" that "relate[d] back" to his June 10, 2021 letter, *see Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) (quoting Fed. R. Civ. P. 15(c)(2)), that letter was still filed more than six months after the expiration of the deadline to file his § 2255 petition. Mr. Conyers has neither requested an extension to the statute of limitations, nor set forth any "rare and exceptional circumstances" that would warrant equitable tolling. *See Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001).[2]

In short, the deadline for Mr. Conyers to file a petition for habeas relief under § 2255 had long expired when this petition was filed; this petition is, therefore, denied as untimely.[3]

---

[2] The Court considered whether the impacts of COVID-19 might have contributed to Mr. Conyers's delayed filing, potentially constituting an exceptional circumstance for equitable tolling. But as courts have explained in similar circumstances, even when petitioners have expressly invoked the pandemic when seeking equitable tolling, petitioners still must show that they diligently pursued their rights *and* that the pandemic prevented them from filing a timely motion. *See Shaw*, 2022 WL 2916324, at *4. Mr. Conyers has made a showing of neither.

[3] Because the Court denies the petition as untimely, it need not address Mr. Conyers's ineffective assistance of counsel claim. The Court notes, however, that even if the petition had been timely filed, it would be hard-pressed to find any support in the record for Mr. Conyers's claim that his attorney provided ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). In particular, Mr. Conyers admitted under oath that he "acted with others to shoot at rival gang members." *See* Plea Tr. 19:3–5. The fact that someone else also admitted participating in the shooting does not contradict Mr. Conyers's sworn testimony. Mr. Conyers also confirmed that, although he had been treated for mental illness at a young age, he no longer suffered the symptoms of mental illness. *Id.* 3:10–4:9. Those sworn statements, among others made at his plea hearing and sentencing, including that he was satisfied with Mr. Henry's representation, lead to the conclusion that Mr. Conyers's § 2255 petition would likely have been denied even if it had been timely.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Conyers's § 2255 petition as untimely. Because Mr. Conyers has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C.§ 2253, no certificate of appealability shall issue.  The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 1726 and to close the related civil case, 22-CV-6465.  The Clerk is further directed to mail a copy of this opinion to Mr. Conyers, Reg. No. 72219-054, at USP Big Sandy, 1197 Airport Road, Inez, KY 41224, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  March 28, 2023**
**        New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**